**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John Michnovez, Individually
and as Executor of the Estate
of Velma Michnovez; and
Susan Michnovez

    v.                          Case No. 10-cv-110-LM

Blair, LLC; A-One Textile and
Towel Industries; Bureau Veritas
Consumer Products Services (Pre)
Ltd.; and Bureau Veritas Consumer
Products Services, Inc.

## O R D E R

In the amended complaint in this case, three plaintiffs
assert twenty-four claims against four different defendants, all
arising out of the death of Velma Michnovez in a fire that
started when her chenille bathrobe ignited while she was cooking
at her stove.  According to the complaint, the robe was sold to
Michnovez by one defendant, manufactured by a second, and
tested/inspected by the remaining two.  Before the court are:
(1) a motion to dismiss the amended complaint filed by one of
the alleged inspectors, Bureau Veritas Consumer Products
Services, Inc. ("BV Inc."), to which plaintiffs object; and (2)
plaintiffs' motion for leave to file a second amended complaint,
which is opposed by BV Inc. but none of the other three

defendants.  For the reasons that follow, plaintiffs' motion for
leave to file a second amended complaint is granted, but the
court will consider the issues raised in BV Inc.'s opposition,
once plaintiffs have had an opportunity to respond, as explained
below.

**Procedural History**

This case got its start when Velma Michnovez's estate, her
son (John Michnovez), and her daughter-in-law (Susan Michnovez)
sued Blair, LLC ("Blair"), the company that allegedly sold Velma
the bathrobe that caused the accident that killed her.  The
original complaint consisted of six counts: (1) the estate's
claim for wrongful death (Count I); (2) the estate's claim for
enhanced compensatory damages (Count II); (3) the estate's claim
for conscious pain and suffering (Count III); (4) John's claim
for personal injuries (Count IV); (5) John's claim for negligent
infliction of emotional distress (Count V); and (6) Susan's
claim for negligent infliction of emotional distress.
Subsequently, the court granted plaintiffs' motion to amend
their complaint.  The amended complaint asserts each of the six
claims described above against: Blair (Counts I-VI), the alleged
manufacturer of the bathrobe, A-One Textile and Towel Industries
(A-One) (Counts VII-XII), and two companies that were allegedly
involved in the inspection, testing, and certification of

chenille bathrobes, Bureau Veritas Consumer Products Services (Pre) Ltd. ("BV Ltd.") (Counts XIII-XVIII), and BV Inc. (Counts XIX-XXIV).

Regarding the actions that, in plaintiffs view, subject BV Ltd. to liability, the amended complaint states: "At all times hereinconcerned, the defendant, [BV Ltd.], was engaged in the testing, and inspection of chenille bathrobes." Am. Compl. (doc. no. 21-1) ¶ 53. The complaint continues by asserting that BV Ltd. "knew or should have known that [if] it certified that the flammability of said chenille bathrobes was such that the robe complied with Federal Standards that its customer Blair would sell such robes within the United States, including the State of New Hampshire." Id. ¶ 54. Regarding BV Inc.'s conduct, the complaint alleges:

> At all times hereinconcerned, the defendant, [BV Inc.] either individually or through its related corporation, [BV Ltd.], was engaged in the testing and inspection of chenille bathrobes.

> At all times hereinconcerned, the defendant [BV Inc.] arranged, facilitated, contracted for or otherwise participated in testing conducted by its related corporation, [BV Ltd.] on Blair chenille bathrobes.

> At all times hereinconcerned, the defendant [BV Inc.] controlled, managed, participated in or was otherwise responsible for testing conducted by its related corporation, [BV Ltd.] on Blair chenille bathrobes.

> At al[l] times hereinconcerned, the defendant [BV Inc.] knew or it should have known that if it or its related corporation [BV Ltd.] certified that the flammability of said chenille bathrobes was such that

3

> the robe complied with Federal standards that its
> customer Blair would sell such robes within the United
> States including the State of New Hampshire.

Id. ¶¶ 75-78.

BV Inc. moved to dismiss Counts XIX through XXIV of the amended complaint, for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  BV Inc. argues that Counts XIX through XXIV should all be dismissed because of the insufficiency of plaintiffs' factual allegations. It further argues that the claim for enhanced compensatory damages (Count XX) should be dismissed for the additional reason that plaintiffs have failed to allege the kind of wanton, malicious, or oppressive conduct necessary to entitle a plaintiff to the extraordinary remedy of enhanced compensatory damages.

While BV Inc.'s motion to dismiss was pending, plaintiffs moved for leave to file a second amended complaint.  There are three principal differences between the amended complaint and the proposed second amended complaint.  First, plaintiffs seek to add a fifth defendant, Bureau Veritas, S.A. ("BV S.A."). Second, they propose to diminish the number of counts from twenty-four to eighteen.  They do so by asserting their six causes of action against: (1) Blair (Counts I-VI); (2) A-One (Counts VII-XII); and (3) BV Ltd., BV Inc., and BV S.A., collectively (Counts XIII-XVIII).  Third, plaintiffs appear to

4

recast the alleged relationships among the BV entities, moving from what seems to be an agency relationship between BV Inc. and BV Ltd. in the amended complaint to the following relationship, as described in the proposed second amended complaint: "Because [BV Ltd., BV Inc., and BV S.A.] acted as a single global entity in connection with its activities in testing and certifying Blair Robe Model 30931, plaintiffs refer to said defendants as Bureau Veritas ('BV') in connection with the allegations of the remaining counts herein."  (Sec. Am. Compl. (doc. no. 44-3) ¶ 56.)  BV Inc. objects to plaintiffs' motion to amend their complaint, arguing that amendment would be futile because the second amended complaint fails to state a claim upon which relief can be granted.  In particular, BV Inc. challenges the legal basis for plaintiffs' agglomeration of all three BV defendants into a co-called "single global entity."

## Discussion

The complexities of this case, as described above, create a set of dilemmas that would not be present if this were a situation in which the plaintiff in a single-defendant case were seeking to amend his or her complaint to add new factual allegations or a new cause of action.  If the court were to deny plaintiffs' motion for leave to amend, based on the futility of their claims against BV Inc., that denial would also have the

effect of forestalling plaintiffs' attempt to add BV S.A. as a defendant.  That is, there is nothing that would prevent plaintiffs from filing yet another motion for leave to amend, to add BV S.A., which would add to costs of litigation on both sides.

On the other hand, if the court were to grant the motion to amend, BV Inc. would, no doubt, move to dismiss the second amended.  Moreover, it would very likely do so on the same grounds that animate its objection to plaintiffs' motion to amend.  Cf. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-18 (2d ed. 1993)).  Just as the court is reluctant to put the parties to the expense of litigating another motion for leave to amend, it is also reluctant to put the parties to the expense of litigating another motion to dismiss, especially where the arguments in favor of dismissal have already been fully articulated in BV Inc.'s objection to plaintiffs' motion to amend.

**Conclusion**

Based on the foregoing, and in the interests of both judicial economy and saving the parties the time and expense of

6

resubmitting arguments they have already made, under new captions, the court: (1) grants plaintiffs' motion for leave to file a second amended complaint, doc. no. 44; (2) deems BV Inc.'s objection, doc. no. 50, to be a motion to dismiss the second amended complaint; and (3) denies, as moot, BV Inc.'s motion to dismiss the amended complaint, doc. no. 38, with the proviso that any arguments stated therein that apply to the second amended complaint will be considered by the court when it rules on the motion to dismiss the second amended complaint. That said, the court also recognizes that fairness demands that plaintiffs be given a proper opportunity to respond to BV Inc.'s newly identified motion to dismiss.  Accordingly, the court directs plaintiffs to respond to the arguments raised in document no. 50, if they choose to do so, within the time limits applicable to an objection to a motion to dismiss.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


Dated:  April 29, 2011

cc:  David P. Angueira, Esq.
     Eric K. Blumenfeld, Esq.
     Alan L. Cantor, Esq.
     Joel Thomas Emlen, Esq.
     Dona Feeney, Esq.

Bruce W. Felmly, Esq.
James C. Fitzpatrick, Esq.
D. Patterson Gloor, Esq.
Theodore V.H. Mayer, Esq.
Steven M. Shear, Esq.
Edward M. Swartz, Esq.
Jori L. Young, Esq.