UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Michnovez, individually
and as Executor of the Estate
of Velma Michnovez; and
Susan Michnovez

   v.                                        Civil No. 10-cv-110-LM

Blair, LLC; A-One Textile and
Towel Industries; Bureau Veritas
Consumer Products Services (Pre)
Ltd.; and Bureau Veritas, S.A.


**O R D E R**

Before the court is a motion filed jointly by the plaintiffs and two defendants (Bureau Veritas Consumer Products Services (Pre) Ltd. ("BV Pre") and Bureau Veritas Consumer Products Services, Inc.[1] ("BV Inc."), in which those four parties ask the court to dismiss, with prejudice, plaintiffs' claims against all three of the Bureau Veritas defendants originally named in this case ("the BV defendants"). Blair, LLC ("Blair") objects, asserting that dismissal with prejudice would somehow jeopardize its ability to pursue claims against any of the BV defendants that might come to light during the course of

---

[1] BV Inc. was dismissed from this case in an order dated June 13, 2011, three days before the joint motion was filed. The dismissal of BV, Inc. has no bearing on any issue now before the court.

discovery. Accordingly, Blair asks the court to grant the motion to dismiss, but without prejudice. For their part, BV Pre and BV Inc. argue, in their reply to Blair's objection, that dismissal with prejudice is appropriate.

The Federal Rules of Civil Procedure ("Federal Rules") provide that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Federal Rules further provide that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. The purpose of Rule 41(a)(2) "is to permit the plaintiff, with approval of the court . . . voluntarily to dismiss an action as long as 'no other party will be prejudiced.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981); citing Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). Whether or not to grant a Rule 41(a)(2) motion is committed to the discretion of the trial court. See Doe, 216 F.3d at 160 (citing Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961)).

In Doe, the court identified a number of factors that courts should consider when exercising their discretion under Rule 41(a)(2). See 216 F.3d at 160 (quoting Pace v. S. Express

2

Co., 409 F.2d 331, 334 (7th Cir. 1969); citing Grover, 33 F.3d at 718). But, those factors all pertain to the prejudice that might be suffered by a defendant if a plaintiff's claims against that defendant were to be dismissed. That is not the situation here. The BV defendants that have appeared have joined in plaintiffs' motion to dismiss; the objection to plaintiffs' motion comes from Blair, one of the two defendants that would remain in the case if plaintiffs' motion to dismiss were to be granted. And, as noted, Blair only objects to dismissal with prejudice.

The problem is that while Blair asserts that dismissal of plaintiffs' claims against the BV defendants, with prejudice, would jeopardize its own ability to pursue claims against the BV defendants, Blair fails utterly to develop that legal argument. Because "[i]t is not the obligation of [the] court to research and construct the legal arguments open to parties, especially when they are represented by counsel," Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), a "district court is free to disregard arguments that are not adequately developed," Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999). But, still, the court must exercise its discretion when ruling on the motion before it. See Alamance, 291 F.2d at 146-47. In exercising its discretion, the

3

court is guided by Judge Reed's reasoning in Protocomm Corp. v. Novell Advanced Servs., Inc., 171 F. Supp. 2d 459 (E.D. Pa. 2001).

In Protocomm, the plaintiff and some but not all of the defendants moved to dismiss with prejudice all the claims the plaintiff had brought against those defendants. 171 F. Supp. 2d at 470. After pointing out that "[t]he purpose of [Rule 41(a)(2)] is primarily to prevent dismissals which would result in some clear legal prejudice to the defendant," id. (citations omitted), Judge Reed noted that "[w]here a plaintiff moves for a voluntary dismissal with prejudice 'it has been held that the district court must grant that request'" id. at 471 (quoting Spring City Corp. v. Am. Bldgs. Co., Nos. CIV.A. 97-8127, CIV.A. 98-105, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999)); see also Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (expressing support for the proposition that the court must grant a plaintiff's motion to dismiss his or claims with prejudice "because 'when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed'") (quoting Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985)). Judge Reed then described the case on which he relied in granting the motion to dismiss that was before him:

4

> In <u>Plasterer</u>, the plaintiff filed suit under the Eighth Amendment against multiple defendants. Subsequently, the plaintiff and one of the defendants filed a joint motion to dismiss under Rule 41. The remaining defendants opposed the motion, arguing that they would be prejudiced. The court rejected their argument, noting that (1) no cross claims had been filed asserting that the moving defendant was wholly or partially responsible; (2) the remaining defendants could still avoid liability at trial by arguing that the moving defendant had been responsible; and (3) their rights to indemnification and contribution were unaffected.

<u>Protocomm</u>, 171 F. Supp. 2d at 471 (citing <u>Plasterer v. Hahn</u>, 103 F.R.D. 184, 186 (M.D. Pa. 1984).

Here, as in <u>Protocomm</u> and <u>Plasterer</u>, Blair has filed no cross claims against any of the BV defendants, which "severely undercuts" Blair's claim that it will be prejudiced by dismissal of those defendants. See <u>N. Forest Dev. LLC v. Walden Ave. Realty Assocs., LLC</u>, No. 06-CV-378A, 2008 WL 5245329, at *3 (W.D.N.Y. Dec. 16, 2007) (citing <u>Plasterer</u>, 103 F.R.D. at 186). Moreover, the BV defendants argue, persuasively, that Blair will still have an opportunity at trial to apportion fault to other entities whether they are parties to the case or not, see <u>DeBenedetto v. CLD Consulting Eng'rs, Inc.</u>, 153 N.H. 793, 803 (2006), and that the absence of the BV entities from this case will not foreclose subsequent indemnification claims, cf. <u>Wood v. Greaves</u>, 152 N.H. 228, 231 (2005). Moreover, this is not a case such as <u>ITV Direct, Inc. v. Healthy Solutions, LLC</u>, 445

5

F.3d 66, 70-71 (1st Cir. 2006), in which a Rule 41(a)(2) dismissal, while benefitting the defendant, would have substantially prejudiced an intervenor who had claims against both the plaintiff and the defendant, and whose ability to recover was based entirely upon the defendant's ability to recover from the plaintiff on its counterclaims. In sum, given Blair's failure to make any kind of legal argument, and the persuasive arguments advanced by BV Pre and BV Inc., the court can see no good reason for granting the BV defendants any less relief than plaintiffs are willing to offer them. Accordingly, the joint motion to dismiss with prejudice, doc. no. 72, is granted. Given that disposition, BV Pre's pending motion to dismiss, doc. no. 57, is denied as moot.

    SO ORDERED.

                                            Landya McCafferty
                                            United States Magistrate Judge

August 22, 2011
cc: David P. Angueira, Esq.
    Eric K. Blumenfeld, Esq.
    Alan L. Cantor, Esq.
    Joel Thomas Emlen, Esq.
    Dona Feeney, Esq.
    Bruce W. Felmly, Esq.
    James C. Fitzpatrick, Esq.
    D. Patterson Gloor, Esq.
    Thomas V.H. Mayer, Esq.
    Steven M. Shear, Esq.
    Edward M. Swartz, Esq.
    Jori L. Young, Esq.